IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHAKIA J. CRUTE,

                Plaintiff,              Civil Action No.
                                  3:18-CV-0901 (MAD/DEP)

    v.

JOHNSON CITY POLICE DEPARTMENT,
and OFFICER JUSTIN DAVY,

                Defendants.

_____

APPEARANCES:                OF COUNSEL:

FOR PLAINTIFF:

SHAKIA J. CRUTE, *Pro se*
87 Burbank Ave, #2
Johnson City, NY 13790

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

      This is an civil rights action commenced by *pro se* plaintiff Shakia J.

Crute, pursuant to 42 U.S.C. § 1983, against the Johnson City Police

Department and one of its officers, alleging that her civil rights were

violated by defendants. Plaintiff's complaint and accompanying motion for

leave to proceed *in forma pauperis* ("IFP") have been referred to me for review. Based upon my consideration of those materials, I grant plaintiff's IFP application, and recommend that her complaint be accepted for filing, with the exception that I recommend that Johnson City be substituted as a defendant in place of the Johnson City Police Department, a municipal entity that is not amenable to suit. I further recommend that plaintiff's claims against Johnson City be dismissed, with leave to replead.

I.    BACKGROUND

Plaintiff commenced this action on August 2, 2018. Dkt. No. 1. Plaintiff's claims center upon a stop of a vehicle in which plaintiff was a passenger on March 4, 2018. Dkt. No. 1. Plaintiff alleges that following the stop, she and the driver of the vehicle were unlawfully searched by defendant Justin Davy, a Johnson City Police Officer, without probable cause. *Id.* After the completion of the search, which failed to yield evidence of any criminal conduct, defendant Davy issued a ticket to the driver of the vehicle, Alesha T. Fuller, accusing her of failing to properly signal a turn, in violation of N.Y. Vehicle & Traffic Law § 1163(d). *Id.* at 3. A non-jury trial was conducted, on June 1, 2018, by Johnson City Village Justice Gregory P. Thomas to address the charge. Following that trial, Fuller was acquitted of the traffic infraction. *See* Dkt. No. 1 at 5.

II.    DISCUSSION

    A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff meets the requirements for IFP status, her application for leave to proceed without prepayment of fees is granted.[2]

    B.    Sufficiency of Plaintiff's Complaint

        1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the

---

[1]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]    Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks

an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

2.    Analysis

Plaintiff's complaint appears to allege a cognizable cause of action against defendant Davy for violation of her rights under the Fourth Amendment, based upon her allegations that a search of her person was conducted by the officer without probable cause or her consent. Plaintiff's claims against the Johnson City Police Department, however, as stated in her complaint, are legally deficient. Initially, I note that the Department itself is not an agency amenable to suit. "Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments . .

. are not amenable to suit and no claims lie directly against [that agency]."

*Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999)

(citations omitted).

More fundamentally, plaintiff's complaint fails to allege a proper basis

for finding liability on the part of either the Department or Johnson City for

the conduct of defendant Davy. A municipal entity may be held

accountable for a constitutional violation that has occurred pursuant to "a

policy statement, ordinance, regulation, or decision officially adopted and

promulgated by [the municipality's] officers . . . [or] pursuant to

governmental 'custom' even though such a custom has not received

formal approval through the body's official decisionmaking channels."

*Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978).

Municipal liability can be established in several ways, including through

"proof of an officially adopted rule or widespread, informal custom[]

[demonstrating] 'a deliberate government policy or failing to train or

supervise its officers.'" *Bruker v. City of N.Y.* 337 F. Supp. 2d 539, 556

(S.D.N.Y. 2004) (quoting *Anthony v. City of N.Y.*, 339 F.3d 129, 140 (2d

Cir. 2003)). A plaintiff may also show that the allegedly unconstitutional

action was "taken or caused by an official whose actions represent an

official policy," *Jeffes v. Barnes,* 208 F.3d 49, 57 (2d Cir. 2000), or when

municipal officers have acquiesced in or condoned a known policy, custom, or practice that violates federal law. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *see also Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) ("*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions."). A municipality's failure to act "satisfies the policy or custom requirement only where the need to act is so obvious, and the inadequacy of current practices [is] so likely to result in a deprivation of federal rights[] that the municipality . . . can be found deliberately indifferent to the need." *Reynolds*, 506 F.3d at 192 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)). Assuming a plaintiff can prove that a municipality has acquiesced to a pattern of conduct that may result in a violation of federal law, "for liability to attach . . .[,] the identified deficiency . . . must be closely related to the ultimate injury." *City of Canton*, 489 U.S. 391; *accord, Amnesty Am.*, 361 F.3d at 130 ("*City of Canton* requires that plaintiffs establish not only that the officials' purported failure to train occurred under circumstances that could constitute deliberate indifference, but also that plaintiffs identify a specific deficiency in the city's training program and

establish that . . . it actually caused the constitutional deprivation."

(quotation marks omitted)).

Plaintiff's complaint contains no allegations to support a plausible

*Monell* claim against the Johnson City Police Department or Johnson City.

Accordingly, I recommend that the Johnson City Police Department be

dismissed as a defendant in the action.

      C.    <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal

reading of the complaint gives any indication that a valid claim might be

stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also*

Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so

requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp.

986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could

not "determine that the plaintiffs would not, under any circumstances, be

able to allege a civil RICO conspiracy"). An opportunity to amend is not

required, however, where "the problem with [the plaintiff's] causes of

action is substantive" such that "better pleading will not cure it." *Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v.*

*Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a

plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, I am unable to conclude that, if permitted to amend the complaint, plaintiff would nonetheless be unable to assert a viable *Monell* claim against Johnson City. Accordingly, I recommend that she be granted leave to amend her complaint.

If plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the

facts that give rise to the claims, including the dates, times, and places of

the alleged underlying acts, and each individual who committed each

alleged wrongful act. In addition, the revised pleading should allege facts

demonstrating the specific involvement of any of the named defendants in

the constitutional deprivations alleged in sufficient detail to establish that

they were tangibly connected to those deprivations. *Bass v. Jackson*, 790

F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such

amended complaint will replace the existing complaint, and must be a

wholly integrated and complete pleading that does not rely upon or

incorporate by reference any pleading or document previously filed with

the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d

Cir. 1994) ("It is well established that an amended complaint ordinarily

supersedes the original, and renders it of no legal effect." (quotation marks

omitted)).

III.    <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

Plaintiff's IFP application in this action is complete and appears to

demonstrate her entitlement to IFP status. Accordingly, I grant her request

for leave to proceed without prepayment of fees.

Turning to the merits of plaintiff's complaint, I conclude that she has

stated a cognizable Fourth Amendment claim against defendant Davy, but

that her complaint fails to allege facts sufficient to support a plausible *Monell* claim against Johnson City based upon the actions of the Johnson City Police Department. Accordingly, it is hereby

ORDERED that plaintiff's motion to proceed without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED, that plaintiff's complaint (Dkt. No. 1) be accepted for filing as against defendant Justin Davy, but that plaintiff's claims against the Johnson City Police Department be DISMISSED, with leave to replead as against Johnson City; and it is further

ORDERED, in the event this report, recommendation, and order is adopted, as follows:

(1)    The clerk of the court shall issue summonses directed to defendant Officer Justin Davy and forward it, with copies of plaintiff's complaint, to the United States Marshal, along with packets containing General Order No. 25, which sets forth this district's Civil Case Management Plan, for service upon the named defendant.

(2)    The clerk is directed to schedule a Rule 16 conference.

(3)    Subsequent to service of process, defendant, or his counsel, shall file a formal response to the complaint as provided for in the Federal Rules of Civil Procedure.

(4)    All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.** Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; her failure to do so will result in the dismissal of this action;** and it is further

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed

with the clerk of the court within FOURTEEN days of service of this

report.[3]  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

order, report, and recommendation upon the parties in accordance with

this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:       September 7, 2018
             Syracuse, New York

---

[3]       If you are proceeding *pro se* and are served with this order, report, and
recommendation by mail, three additional days will be added to the fourteen-day
period, meaning that you have seventeen days from the date the order, report and
recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If
the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then
the deadline is extended until the end of the next day that is not a Saturday, Sunday, or
legal holiday. Fed. R. Civ. P. 6(a)(1)(C).