**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**SHAKIA J. CRUTE,**

                                        **Plaintiff,**

          **vs.**                                         **3:18-cv-0901**
                                                          **(MAD/DEP)**

**JOHNSON CITY POLICE DEPARTMENT**
**and OFFICER JUSTIN DAVY,**

                                        **Defendants.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**SHAKIA J. CRUTE**
87 Burbank Ave., #2
Johnson City, New York 13790
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Shakia J. Crute ("Plaintiff") commenced this action on August 2, 2018.

*See* Dkt. No. 1.  Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against the Johnson City

Police Department ("JCPD"), and Officer Justin Davy ("Davy").  *See id.*  On September 7, 2018,

Chief Magistrate Judge Peebles granted Plaintiff's motion to proceed *in forma pauperis* and

reviewed the complaint.  *See* Dkt. No. 5.  In his review, Chief Magistrate Judge Peebles

recommended that Plaintiff's complaint be accepted for filing as against Davy, but claims against

JCPD should be dismissed with leave to replead as against Johnson City.  *Id.* at 11.  Plaintiff has

not filed objections to the Order, Report, and Recommendation.

          Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*,

"(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the

action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient

standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F.

Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The

Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro*

*se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.

*Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When reviewing a complaint under section 1915(e), the court may also look to the Federal

Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading

shall contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being

asserted so as to permit the adverse party the opportunity to file a responsive answer [and]

prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1

(S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16

(N.D.N.Y. 1995)) (other citations omitted).

A complaint filed by a *pro se* litigant should not be dismissed without granting leave to

amend at least once "when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). A court should

not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Although the court should construe the factual allegations in the light most favorable

to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

In his Order, Report, and Recommendation, Chief Magistrate Judge Peebles found that Plaintiff's complaint alleges a cognizable claim against Defendant Davy for violation of her rights

under the Fourth Amendment. Dkt. No. 5 at 5. As for the claims against JCPD, Chief Magistrate Judge Peebles found that Plaintiff failed to allege a proper basis for finding JCPD liable, either on the part of JCPD itself or for the actions taken by Defendant Davy. *Id.* He also notes that, "[u]nder New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments . . . are not amendable to suit and no claims lie directly against [that agency]." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (citations omitted).

Pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [agency's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels[,]" a municipal entity may be held accountable for a constitutional violation. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). To establish municipal liability, a plaintiff can show "proof of an officially adopted rule or widespread, informal customs [demonstrating] 'a deliberate government policy or failing to train or supervise its officers.'" *Bruker v. City of N.Y.*, 337 F. Supp. 2d 539, 556 (S.D.N.Y. 2004) (quoting *Anthony v. City of N.Y.*, 339 F.3d 129, 140 (2d Cir. 2003)). Plaintiff may also show that the allegedly unconstitutional conduct was "taken or caused by an official whose actions represent an official policy," *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000), or when municipal officers have condoned or participated in a known policy, custom, or practice that violates federal law. *Amnesty Am. v. Town of W. Hardford*, 361 F.3d 113, 126 (2d Cir. 2004). A municipality's failure to act "satisfies the policy or custom requirement only where the need to act is so obvious, and the inadequacy of current practices [is] so likely to result in a deprivation of federal rights[] that the municipality . . . can be found deliberately

indifferent to the need." *Reynolds v. Giulliani*, 506 F.3d 183, 192 (2d Cir. 2007). (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)).

Under the applicable law, Chief Magistrate Judge Peebles correctly found that Plaintiff's complaint contains no allegations in support of a plausible *Monell* claim against either JCPD or Johnson City, and that JCPD should be dismissed as a defendant in this action. Dkt. No. 5 at 8. Further, Chief Magistrate Judge Peebles correctly recommended that Plaintiff should be granted leave to amend her complaint to assert a viable *Monell* claim against Johnson City. *Id.* Plaintiff is advised to submit a complaint that includes "'some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *see also Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, *7 (N.D.N.Y. May 22, 1995). If Plaintiff chooses to submit an amended complaint, the complaint should allege specific dates, times, locations, and underlying facts that demonstrate how each of the named defendants were involved in allegedly depriving Plaintiff of constitutional rights.

Accordingly, the Court finds that the complaint alleges a plausible Fourth Amendment claim against Defendant Davy. Further, the Court finds that Plaintiff's claims against JCPD should be dismissed with leave to replead as against Johnson City. Plaintiff's amended complaint should include specific facts indicating the involvement of Johnson City with the alleged deprivation of Plaintiff's constitutional rights.

Upon review of Chief Magistrate Judge Peebles's Order, Report, and Recommendation and the applicable law, the Court finds that Chief Magistrate Judge Peebles correctly recommended that the Court should accept for filing Plaintiff's complaint as against Defendant

Davy, but dismiss the claims against JCPD with leave to replead as against Johnson City.  Dkt. No. 5 at 11.  For the reasons stated herein, the Court hereby

**ORDERS** that Chief Magistrate Judge Peebles's Order, Report, and Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is accepted for filing as against Defendant Justin Davy; and the Court further

**ORDERS** that Plaintiff's claims against Defendant Johnson City Police Department are **DISMISSED**, with leave to replead as against Johnson City; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them with copies of the complaint to the United States Marshal, along with packets containing General Order 25, which sets forth this District's Civil Case Management Plan, for service upon the named Defendant.

**IT IS SO ORDERED.**

Dated: October 10, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge