IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHAKIA J CRUTE,

                Plaintiff,        Civil Action No.
                                        3:18-CV-0901 (MAD/DEP)

    v.

OFFICER JUSTIN DAVY,

                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**[1]
SHAKIA J. CRUTE, *Pro Se*
87 Burbank Ave, #2
Johnson City, NY 13790

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

---

[1] The clerk of the court is respectfully directed to serve a copy of this report and recommendation on plaintiff at the following alternative address, notated on the last envelope returned to the court: Broome County Jail, ID#500745, 155 Lt. Vanwinkle Drive, Binghamton, NY 13905. *See* Dkt. No. 20.

REPORT AND RECOMMENDATION

This is a civil rights action commenced by *pro se* plaintiff Shakia J. Crute, pursuant to 42 U.S.C. § 1983, against defendant Justin Davy, a police officer employed by the Johnson City Police Department. In her complaint, plaintiff alleges that her civil rights were violated in connection with the stop of a vehicle in which she was a passenger on March 4, 2018.

Currently pending before the court is a letter motion brought by Officer Davy, in which he seeks dismissal of plaintiff's claims on the ground that she has failed to comply with certain court-ordered obligations. Plaintiff, who appears to be presently confined to the Broome County Jail, failed to appear without explanation for an in-person conference, to be held pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, on January 18, 2019. While there have been no instances where the court received mail sent to plaintiff returned as undeliverable, plaintiff thereafter failed to respond to the court's order to show cause, as well as a subsequently-issued text order.

Because plaintiff has failed to comply with the court's directives, as well as the court's requirement that she notify the court of her new address, I recommend that her complaint be dismissed.

I.   BACKGROUND

Plaintiff commenced this action on or about August 2, 2018. Dkt. No. 1. On September 7, 2018, I issued an order, report, and recommendation, in which I granted her permission to proceed in this action without prepayment of fees, and recommend that her complaint be accepted for filing as to Officer Davy. Dkt. No. 5. In that report, I reminded plaintiff, *inter alia*, that she was "required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address[,]" and that "her failure to do so will result in the dismissal of this action[.]" *Id.* at 12. On October 10, 2018, that report was adopted in its entirety by District Judge Mae A. D'Agostino. Dk. No. 6.

On October 10, 2018, General Order 25 was issued by the clerk to the plaintiff, via regular mail, scheduling an in-person conference to be held pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, on January 18, 2019 at 11:00 AM in Binghamton, New York. Dkt. No. 8. While defendant's counsel appeared on that date for the scheduled conference, plaintiff did not. *See* Text Minute Entry, dated 01/18/19.

In light of her failure to attend the court-ordered conference, on January 23, 2019, I issued an order to show cause directing, *inter alia*, plaintiff to provide the court, on or before February 4, 2019, with her current telephone number "where she can be reached for proceedings

3

before the court." Dkt. No. 18 at 2 . At that time, a telephone conference was also scheduled for February 11, 2019 to address plaintiff's failure to communicate with the court and defendant's counsel, and to comply with legitimate court directives. *See id.* Plaintiff failed to respond, and in light of the court's inability to communicate with her, the February 11, 2019 telephone conference was adjourned without date. Dkt. No. 19.

The court subsequently learned that plaintiff was being held in the Broom County Jail in connection with state charges pending in Broome County Court. Despite her change of circumstances, however, plaintiff failed to provide a current address where she can be reached for purposes of communications from the court and defendant's counsel.

On March 12, 2019, the court issued a text order in which plaintiff was "directed to file a status report in this action on or before April 5, 2019 advising the court whether or not she intends to proceed with this case and the status of this action."[2] Dkt. No. 20. Plaintiff was also directed to complete a notice of change of address form by the same date. *Id.* Based upon plaintiff's failure to respond to the court's directives, by letter motion

---

[2]  That text order was served upon plaintiff at the address she provided to the court upon commencement of this action, as well as her suspected address at Broome County Jail. As of the date of this report and recommendation, neither communication has been returned to the court.

4

dated May 21, 2019, counsel for defendant requested dismissal of plaintiff's complaint. Dkt. No. 21.

II.   DISCUSSION

For reasons that are self-evident, this court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84-3310, 1985 U.S. App. LEXIS 31736, at *3-*4 (5th Cir. Mar. 19, 1985)).[3] Plaintiff was initially informed of this requirement when she

---

[3]   All unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

5

was provided with the court's *pro se* notice and handbook. *See* Dkt. No. 3 at 2 ("You must immediately notify the Court of any change of address."). Plaintiff was reminded of this obligation in my order, report, and recommendation dated September 7, 2018. Despite two reminders by the court—as well as an express admonition that she provide her current address—plaintiff has ignored court directives and failed to notify the court or defendants' counsel of her change in circumstances.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[4] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 9:04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. In addition, it should be exercised with caution and restraint

---

[4] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.' " *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

6

because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau*, Inc., 839 F.2d 930, 932 (2d Cir. 1988))*; see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999).

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of plaintiff's complaint at this juncture is warranted. While through independent means the court is aware that plaintiff is or was being held in the Broome County Jail, she has failed to comply with multiple court directives. While the duration of plaintiff's failure to proceed in this action is arguably modest, its effect on the litigation is nonetheless

substantial, and there is no end to plaintiff's inaction in sight. Given plaintiff's manifest disinterest in pursuing her claims in this action, I find that the need to alleviate congestion on the court's docket and the defendant's interest in defending against the claims asserted by the plaintiff outweigh her right to receive a further opportunity to be heard in this matter.

As required, I have considered less-drastic sanctions, but reject them as ineffective. Despite being directed to communicate with the court, and specifically advise where she intends to prosecute this action, plaintiff has ignored this, and at least one other, order of the court.

## III.   SUMMARY AND RECOMMENDATION

Given plaintiff's failure to comply with the court's directives to state her intention regarding this action, and her lack of interest in pursuing her claims against the defendant, it is hereby respectfully

RECOMMENDED that defendant's letter motion (Dkt. No. 21) be GRANTED and plaintiff's complaint in this action be DISMISSED in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon her failure to prosecute and to comply with this court's orders and local rules of practice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules; and it is hereby further

ORDERED that the clerk of the court serve a copy of this report and recommendation upon plaintiff at her alternative address, which is identified in footnote one.

*[signature]*
David E. Peebles
U.S. Magistrate Judge

Dated:   May 23, 2019
         Syracuse, New York

---

[5]   If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).