**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

SHAKIA J. CRUTE,

        **Plaintiff,**

vs.                 3:18-CV-0901
                    (MAD/ML)
**OFFICER JUSTIN DAVY,**

        **Defendant.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**SHAKIA J. CRUTE**
**[last known address]**
87 Burbank Avenue, #2
Johnson City, New York 13790
Plaintiff, *pro se*

**BARTH, SULLIVAN LAW FIRM**    **DAVID H. WALSH IV, ESQ.**
224 Harrison Street
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

   Plaintiff, Shakia J. Crute, who is proceeding *pro se*, commenced this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Justin Davy ("Defendant"), a police officer employed by the Johnson City Police Department. *See* Dkt. No. 1 at 1. Plaintiff alleges that her civil rights were violated in connection with a traffic stop of a vehicle in which she was a passenger on March 4, 2018. *See id.* at 2. On September 7, 2018 Chief Magistrate Judge Peebles issued an Order, Report, and Recommendation granting Plaintiff permission to proceed *in forma pauperis*. *See* Dkt. No. 5 at 3. In that report, Chief Magistrate Judge Peebles specifically reminded Plaintiff that she was "required to promptly notify the clerk's office and all parties or

their counsel of any change in plaintiff's address ... [and that] her failure to do so will result in the dismissal of the action." *Id*. at 12. On October 10, 2018, that Order, Report, and Recommendation was adopted in its entirety by the Court. *See* Dkt. No. 6.

On October 10, 2018, a General Order No. 25 packet was issued by the Clerk of the Court to Plaintiff, setting up an in-person conference to be held on January 18, 2019, at 11:00 AM in Binghamton, New York pursuant to Rule 16(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 8 at 1. Defendant's counsel appeared for the conference, but Plaintiff did not. *See* Text Minute Entry dated 01/18/2019. Chief Magistrate Judge Peebles then issued an Order to Show Cause requiring Plaintiff to provide the Court, on or before February 4, 2019, with her current telephone number. *See* Dkt. No. 18 at 2. Chief Magistrate Judge Peebles' Order also scheduled a telephone conference for February 11, 2019, to address Plaintiff's "failure to communicate with the court and defendant's counsel, and to comply with legitimate court directives." *See id.* at 3. The February 11, 2019 telephone conference was adjourned without date when the Court learned that Plaintiff was incarcerated in Broome County Jail in connection with state charges pending in Broome County Court. *See* Dkt. No. 20. Plaintiff failed to comply with Magistrate Judge Peebles' Order to provide a current phone number or address. *See* Dkt. No. 21.

On March 12, 2019, the Court issued a text order directing Plaintiff "to file a status report in this action on or before April 5, 2019 advising the Court whether or not she intends to proceed with this case and the status of the action." *See* Dkt. No. 20. Plaintiff was also "directed to complete a notice of change of address form" by the same date. *See id.* On May 21, 2019, after Plaintiff's failures to respond to the Court's directives on multiple occasions, Defendant's counsel filed a letter motion requesting the Court dismiss Plaintiff's complaint with prejudice. *See* Dkt. No. 21.

2

In a Report and Recommendation dated May 23, 2019, Chief Magistrate Judge Peebles recommended that the Court grant Defendant's motion and dismiss this action in light of Plaintiff's failure to prosecute and to obey court orders. *See* Dkt. No. 23. Specifically, Magistrate Judge Peebles found that, although Plaintiff was informed that she was required, as a *pro se* litigant, to "immediately notify the Court of any change of address," and subsequently "reminded of this obligation" in the September 7, 2018 Order, Report, and Recommendation, "[P]laintiff has ignored court directives and failed to notify the court or defendant's counsel of her change in circumstances." *Id.* at 6.

Thereafter, Magistrate Judge Peebles considered the five factors the Court is required to consider in determining whether dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. *See* Dkt. No. 23 at 7. Having considered the relevant factors, Magistrate Judge Peebles recommended the Court dismiss Plaintiff's complaint because she "failed to comply with multiple court directives." *See id*. "While the duration of [P]laintiff's failure to proceed in this action is arguably modest, its effect on the litigation is nonetheless substantial, and there is no end to [P]laintiff's inaction in sight." *See id*. at 7-8. Neither party objected to Chief Magistrate Judge Peebles Report and Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews the Report and Recommendation for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the

3

appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

With no objections filed, the Court reviews Chief Magistrate Judge Peebles' Report and Recommendation for clear error. Rule 41(b) of the Federal Rules of Civil Procedure provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ... operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action under this rule is "'a harsh remedy to be utilized only in extreme situations.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quotation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in

4

dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

Reviewing Chief Judge Magistrate Peebles' analysis of the aforementioned factors for clear error, the Court has found none. Regarding the more than six month delay, courts in the Second Circuit have found similar delays to be sufficient to warrant dismissal. *See, e.g., Lucas*, 84 F.3d at 535 (stating that it is possible that a delay of thirty-nine days could be considered significant); *Deptola v. Doe*, No. 04-CV-1379, 2005 WL 2483341, *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling conference); *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01-CV-3417, 2002 WL 1770813, *2-*4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute almost four months after plaintiff failed to respond to a court order); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when plaintiff "ceased to prosecute . . . [the] action at all" for three months); *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-9311, 2000 WL 1677984, *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal); *Peters-Turnbull v. Board of Educ. of the City of N.Y.*, No. 96-CV-4914, 1999 WL 959375, *2-*3 (S.D.N.Y. Oct. 20, 1999) (stating that a delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss"). Since the delay in this case is attributable to Plaintiff, this factor clearly favors dismissal.

5

Regarding the remaining factors, while the Court has learned that Plaintiff is held in Broome County Jail, Plaintiff has nonetheless failed to provide an updated address. From January 18, 2019 to present, Plaintiff has not communicated with the Court, a period of almost six months. While duration of this magnitude may seem insubstantial, the need to alleviate congestion in the court system, and Defendant's interest in defending himself against the claims asserted by Plaintiff outweigh Plaintiff's rights to receive a further opportunity to be heard on this matter.

Moreover, Plaintiff received adequate notice that her failure to comply with Chief Magistrate Judge Peebles' orders could lead to dismissal. The Court agrees that no sanction short of dismissal is appropriate. Mindful of the fact that *pro se* cases should not be readily dismissed for procedural deficiencies, the Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect. Plaintiff has failed to prosecute this action diligently, and has failed to comply with orders of this Court. As such, the Court finds that each of the factors relevant to the Rule 41(b) analysis favors dismissal. Therefore, the Court dismisses Plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Chief Magistrate Judge Peebles' May 23, 2019 Report and Recommendation (Dkt. No. 23) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice** in light of her failure to prosecute this action and comply with orders of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 24, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge